**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NIVA PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:10-CV-0252-O-BH |
| | ) |
| WELLS FARGO, et al., | ) |
| | ) |
| Defendants. | ) **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. The Court recommends that this case be dismissed for failure to serve within 120 days.

**I. BACKGROUND**

On February 8, 2010, Plaintiff filed this *pro se* civil action against the defendants and paid the filing fee. On February 9, 2010, the Court issued an order stating:

> Due to the fee payment, and pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, Plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case. Proper service must be made within 120 days after the filing of the complaint or the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Rule 4.1 of the Local Civil Rules for the Northern District of Texas requires that Plaintiff file a valid return of service with the Court or otherwise show that each defendant has been served. If Plaintiff fails to do so, this action may be dismissed.

(*See* Order, doc. 4.) The order also directed the Clerk of Court to mail Plaintiff summons forms and a copy of Rule 4. (*Id.*) The docket reflects that these documents were mailed to Plaintiff.

After more than 120 days passed without Plaintiff filing a valid return of service or otherwise showing that the defendants were timely served, she was ordered to "file a valid return of service

or show good cause **in writing** why service cannot be made" by June 28, 2010. (*See* doc. 11.) The order expressly stated that failure to comply would result in a recommendation that the case be dismissed for failure to prosecute without further notice. *Id.*

On June 17, 2010, Plaintiff filed copies of the Court's orders for service along with a "Notice and Certificate of Service" dated April 13, 2010 certifying that a copy of "the notice and certificate of service" was sent to the interested parties via certified, copies of certified mail return receipt cards addressed to "Wells Fargo" and "Wilshire/Bank of America", United States Postal Service (USPS) printouts confirming delivery for the receipt numbers reflected on the return receipt cards, and Rule 4. (*See* doc. 12.) She did not otherwise respond to the order to show cause. *Id.*

On July 17, 2010, the Court issued an order stating that Plaintiff had still not complied with Rule 4(m) and Local Civil Rule 4.1 by filing a valid proof of service. (*See* doc. 13.) The order specifically noted that the June 17, 2010 filing did not contain a server's affidavit and that the federal rules did not permit a party to act as a server. *Id.* at 3, n. 1. Plaintiff was granted an additional thirty days to properly serve the defendants and file a valid return of service and warned that failure to do so could result in a recommendation that her case be dismissed *Id.* at 3.

On July 27, 2010, Plaintiff again filed a copy of a "Notice and Certificate of Service" dated April 13, 2010 certifying that copies of all documents filed in the case and of the notice and certificate of service had been sent to the interested parties via certified. (*See* doc. 14.) She attached copies of certified mail return receipt cards addressed to "Wells Fargo" and "Wilshire/Bank of America", USPS printouts confirming delivery for the receipt numbers reflected on the return receipt cards, Rule 4, and the Court's orders for service. *Id.* She again did not otherwise respond to the order to show cause. *Id.*

2

## II. ANALYSIS

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Proper service must be made within 120 days of filing a complaint or the action is subject to *sua sponte* dismissal, without prejudice. Fed. R. Civ. P. 4(m). Proof of service must be filed with the Court unless service is waived. Fed. R. Civ. P. 4(l). This proof consists of a "server's affidavit" except when service was made by a United States marshal or deputy marshal." *Id.*

Plaintiff's notices reflect that she mailed the notices and documents to the defendant banks. Subsection (c)(2) of Rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." FED. R. CIV. P. 4(c)(2) (emphasis added). The federal rules of civil procedure do not allow a party to serve process. *Id.*. Accordingly, Plaintiff's attempts to serve the defendants were ineffective. *See Jackson v. Atrium Companies, Inc.*, No. 3:04-CV-0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004). She has therefore not properly served the defendants within 120 days as provided by Rule 4(m).

Dismissal for failure to timely make proper service is not appropriate "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. Fed. R. Civ. P. 4(l). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). A plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit, the defendant would not suffer any prejudice by the court extending the 120-day

deadline, and the plaintiff would be severely prejudiced if his or her complaint were dismissed. *Hickman v. U.G. Lively,* 897 F. Supp. 955, 959 (S.D. Tex. 1995) (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). A litigant's pro se status alone does not excuse failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). The plaintiff bears the burden of showing good cause. *Id.*

Plaintiff's filings make no attempt to show good cause for her failure to properly serve the defendants. Almost six months have passed since she filed this case, and despite the Court's orders, she has still not complied with Fed. R. Civ. P. 4(m) and Local Civil Rule 4.1 by timely serving the defendants and filing proof of valid service. Despite notice in the July 17, 2010 order that the rules do not permit service by a party to the case and another opportunity to properly effect service, she has shown no effort to do so. Accordingly, this action is subject to dismissal under Rule 4(m).

### III. CONCLUSION

This action should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**SO RECOMMENDED on this 3rd day of August, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE